Battle, J.
 

 The present defendants, on the 3rd day of January, 1854, instituted proceedings, before a single magistrate,, against the-present plaintiff for a forcible detainer of a building called “Steward’s hall” of Moral College, and on the 8th day of the same month, an inquisition was taken in which the jury found the defendant therein guilty of a forcible detainer, as charged against him, and thereupon he was put out of, and the present defendants put into, possession of the building in question, under a writ for, that purpose.. Tie subsequently applied, by petition,, to a Judge of'the Superior Court for a writ of
 
 Recorda/rt
 
 to- have the proceeding removed' to the Superior Court of Law, for the County off Robeson, with a view to. have them quashed for irregularity and illegality-
 

 
 *213
 
 In bis petition, the present plaintiff stated that “ on the 1st day of January, A. E. 1853, he rented the said Steward’s hall from the trustees of Floral College, and had continued in the peaceable possession of the same until the 6th day of January, A. D. 1854, when ” certain of the trustees of said College vio-lentlj, forcibly and unlawfully dispossessed him. The petition then stated that the inquisition did not find that the present defendants
 
 “
 
 had either a fee simple, a free-hold, or a term for years, or any estate in the premises” of which the petitioner was dispossessed.
 

 Upon the return of the writ of reoordari, it appeared that the inquisition contained, among other facts proved, that the present plaintiff had taken possession of the Steward’s hall in question, under a lease for one year, commencing on the 1st day of January, A. D. 1853, and ending on the 1st day of January, A. D. 1854; and that after his said lease had expired, he forcibly and unlawfully withheld the possession from the present defendants; but it did not set forth what estate the said defendants had in the premises. Upon the cause coming on, upon a motion to qnash the proceedings, and thereupon to award to the petitioner a writ of re-restitution, his Honor, Judge Person, at a Special Term of the court, held in May last, ordered the proceedings to be quashed, and that a writ of re-restitution should issue, from which orders the defendants appealed.
 

 . The counsel for the defendants have, in this Court, abandoned their opposition to the motion for quashing the proceedings before the magistrate. It is admitted that for the defects in the inquisition of the jury, pointed out in the plaintiff’s petition for a reoordari, it cannot be sustained,
 
 Mitchell
 
 v.
 
 Flem
 
 ing, 3 Ire. Rep. 123. But they insist that the plaintiff is not entitled to a writ of re-restitution, because it appears that the plaintiff has not now, and had not, when he was turned out of the Steward's hall, any right to the possession thereof; that the inquisition found expressly that he had a lease for one year only, and that it had expired when he was evicted; they insist that he did not deny it in his petition, nor indeed show
 
 *214
 
 therein that he had anything more than a bare tenancy at sufferance, and that the writ prayed for, is one, not of right, and, therefore, ought not to be granted, where it is manifest that it would be unjust and oppressive to the other party. In support of their position, the counsel have referred us to 1 Hawlc. PI. Or., Bk. 1, ch. 28, sec. 64, in which it is said that “ neither can a defendant in any case whatsoever,
 
 ex rigore
 
 juris, demand a restitution, either upon the quashing of the indictment, or a verdict for him on a traverse thereof, &c.; for the power of granting a restitution is vested in the King’s Bench only by an equitable construction of the general words of the Statutes, and is not expressly given by those Statutes, and is never made use of by that Court, but when, upon consideration of the whole circumstances of the case, the defendant shall appear to have some right to the tenements, the possession whereof be lost by the restitution granted to the prosecutor.” See also 1 Russ, on Crimes, 293, and the cases cited by Mr. Hawkins as authority for the extract which we have made from his work. In opposition to the argument made for the defendants, the plaintiff’s counsel contend, that when the proceedings on an inquisition for a forcible entry and detainer, or for a forcible detainer alone, have been quashed for irregularity, it follows, as a matter of course, that the defendant therein must be restored, by a writ of re-restitution, to the possession of the premises of which it is ascertained he has been illegally deprived; and for this they cite the following cases as authority:
 
 Rex
 
 v.
 
 Jones, 1
 
 Strange’s Rep. 474.
 
 The King
 
 v.
 
 Wilson,
 
 3 Adol. and Ell., 817, (30 Eng. C. L. Rep. 228—238,) and
 
 Mitchell
 
 v.
 
 Fleming,
 
 3 Ire. Rep. 123.
 

 The first of these cases is so very shortly reported, that all we can learn from it is, that the conviction was quashed for a mere technical error, and upon a motion for a writ of re-restitution, it was suggested that the lease of the defendant had expired during the litigation, and the court refused to enquire into it, saying “ that they had no discretionary power in the case, but were bound to award restitution on quashing the conviction.” In
 
 The King
 
 v.
 
 Wilson,
 
 the conviction by the
 
 *215
 
 magistrates was quashed on the most substantial grounds, one of which was, that it did not appear that the defendant was summoned, or had otherwise an opportunity to defend himself ; and a subsequent inquisition by a jury was also set aside as being founded and dependent upon the conviction. A writ of re-restitution was prayed, and being opposed, the court said, “ on looking into the authorities, we find that the court has been in the habit of awarding that, when it has quashed the conviction for a forcible entry; otherwise the whole proceeding here,'would be nugatory; and the practice is said to have ■grown out of an equitable construction of the Statutes. It has been said that the court will not do this unless the party unlawfully dispossessed should appear to have title to the premises; a most inconvenient enquiry upon affidavit, and a course full of danger to the public peace, as protecting the execution of a lawful sentence.”
 

 The case of
 
 Mitchell
 
 v.
 
 Fleming,
 
 decided in this state, that the proceedings were quashed because the inquisition was defective in not finding of what estate, in the land, the prosecutrix was seized or possessed. The motion to quash was resisted, but that being done, the order for the writ of-re-restitution seems not to have been opposed, but to have passed
 
 sub silentw.
 
 In that case, too, it appeared from the proceedings that Mitchell, the person convicted, claimed to have entered under a lease which, he alleged, was unexpired at the time of the inquisition.
 

 From these cases, we are satisfied that the general rule has been to grant the writ of re-restitution upon quashing the proceedings on a conviction under the statutes of forcible entry and detainer; and that the court will not suffer the merits of the controversy to be gone into and examined upon
 
 affidavits.
 
 But we are equally satisfied, that the writ is not detnandable,
 
 ex vigore juris.
 
 That it is not so demandable, follows as a necessary consequence, from the cause and manner of its origin. It is not given by the express words of the statutes, but by an equitable construction of them. Surely it is not a principle of equity to do that, which will, in the particular
 
 *216
 
 ease, be manifestly oppressive and unjust. Of such oppression and injustice a stronger instance, than the one we have now under consideration, can hardly be imagined. The defendants, as trustees of a literary institution, had, as they alleged, leased the Steward’s hall to the plaintiff for one year only, upon the expiration of which he refused to deliver up the hall, detaining it unlawfully and by force. They, thereupon, institute proceedings against him under the statute, for a forcible detainer, and a verdict of guilty is rendered against him by a jury. But the inquisition failed to set forth the estate which the trustees had in the premises, which is the-only error of which he particularly complains. The plaintiff applied for a writ of
 
 reoorda/ri
 
 for the purpose of having the proceedings on the inquisition removed to the Superior Court of Law, and there quashed for the-defects above stated. But, in his petition, he does not deny the defendants’ allegation that he had entered into the Steward’s hall, under a lease for one year only, and that, at the time of his conviction, his lease had expired. On the contrary, he states, merely, that he entered under a lease, and was in the peaceable possession of the premises until he was violently, forcibly and unlawfully dispossessed, without giving him any notice to quit. He does not say whether his lease was for years or at will; and yet he now asks that the institution, of which the defendants have charge, as trustees, shall be thrown into confusion by putting him into possession of one of their buildings, to which, it is apparent to us, he has no right. There would be no equity in such a course, and we cannot adopt it. The order for quashing the pi’oceedings, on the inquisition, must be affirmed, but that, for awarding the writ of re-restitution, must be reversed; all which must be certified as the law directs. The plaintiff must pay the costs of the appeal to this Court, as the judgment has been reversed in part. See
 
 Satterwhite
 
 v.
 
 Carson,
 
 3 Ire. Rep. 549.
 
 Harris
 
 v. Lee, 1 Jones’ Rep. 225.
 

 Pee CueiaM. Judgment reversed.